IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

RUTHIE NELSON

    PLAINTIFF

V

ADVOCATE BETHANY HOSPITAL

AND ADVOCATE HEALTH AND

HOSPITALS CORPORATION

```
FILED: MAY 19, 2008
08CV2905          TG
JUDGE KENNELLY
MAGISTRATE JUDGE VALDEZ
```

## COMPLAINT

Now comes the plaintiff Ruthie nelson by her attorneys Pomper & Goodman complaining of the defendants Advocate Bethany Hospital is a facility and assumed name of Advocate Health and Hospital Corporation and alleges and says as follows:

## JURISDICTION AND VENUE

1

1. Plaintiff invokes this Court's jurisdiction pursuant to 42 USC 2000e_5 and 28 USC Section 1343(4).

2. The unlawful employment practices alleged below were and are being committed within the Eastern Division of the Northern District of the State of Illinois.

PARTIES

3. Plaintiff Ruthie Nelson is a female citizen of the United States and a resident of Cook County Illinois. At all times herein relevant she was employed by Advocate Bethany Hospital a facility operated by Advocate Health and hospital Corporation, an Illinois corporation.

4. Advocate Bethany Hospital is a facility located in the City of Chicago and is in the business of providing medical and hospital care.

ADMINISTRATIVE PROCEDURES

5. Plaintiff Ruthie Nelson filed a charge of employment discrimination against Advocate Bethany Hospital with the District Office of the Equal Employment Opportunity Commission on January 2, 2008. The plaintiff received a right to sue concerning the charges by letter from the district office of the EEOC

dated February 19, 2008, entitling her to institute a civil action with respect to the January 2, 2008 charge within 90 days of the date of said notice.

## VIOLATIONS ALLEGED

6. Defendant is an employer engaged in an industry that effects commerce and employs more than 200 employees

7. Defendant employs an agent Audrey Young Lane, in a capacity as plaintiff Ruthie Nelson's supervisor and has at all times relevant hereto been plaintiff's supervisor.

8. Plaintiff was employed at Advocate Bethany Hospital beginning November 13, 2006, as a Case Manager in the Continuity of Care Department of Bethany Hospital.

9. Plaintiff began her employment as a case manager and was to receive training via an orientation and other training in the method of performing her assigned position.

10. On January 12, 2007 plaintiff was requested by Sharon Deshazer, the Director of Continuity of Care Department in the presence of Audrey Young

3

Lane, to write a policy for the department. Sharon Deshazer was the superior of Audrey Young Lane.

11. On January 16, 2007, the plaintiff had completed the task of preparing the telephone consent policy for the department and submitted the same to Sharon Deshazer.

12. Sharon Deshazer complimented plaintiff on her performance in the development of the aforesaid policy.

13. Plaintiff continued to perform tasks within her job description.

14. On January 24, 2007, Audrey Young Lane called plaintiff to her office and advised that plaintiff's reviews were fine but that plaintiff did not have to put so much detail in the reviews. Audrey Young lane advised plaintiff that her job performance was fine.

15. Plaintiff is a darker skinned African American and Audrey Young Lane is a lighter skinned African American.

16. On February 12, 2007, Audrey Young Lane submitted a Summary of Review of plaintiff wherein Audrey Young Lane's 90 day evaluated plaintiff as meeting expectations but said review. The minimally sufficient performance

4

review was based upon false criticism. More specifically, Audrey Young lane advised plaintiff that she had called regrisration before indexing in active fax, which was incorrect, plaintiff had not so acted.

17. In addition to the foregoing Audrey Young Lane stated to plaintiff that plaintiff was not a team player but in fact it was plaintiff who communicated with Audrey Young lane and co workers and it was plaintiff who modified her work plan to accommodate a coworker whose position was inferior to that of plaintiff to fully engage the team goal.

18. At no time during the 90 day period did Audrey Young Lane approach plaintiff and inform her that performance was remiss in the admission process. Further plaintiff was criticized for not achieving a 2 hour turnaround time in preadmission but no such policy is written in the preadmission policy.

19. Plaintiff pursued a rebuttal of her review, which is a method of seeking review of the evaluation.

20. The response of Audrey Young Lane to the rebuttal of plaintiff was to increase plaintiff's work load.

21. Bethany Hospital encourages employees to join committees that fostered good will between the hospital and its customer patients and their

families. Plaintiff joined a committee and received congratulatory commendation for her participation from the committee but was criticized by Audrey Young Lane for engaging in such activity after the rebuttal by plaintiff of her evaluation.

22, In August 2007, plaintiff expressed to the team with whom she worked of the stress the frequently increasing work load assigned plaintiff caused her. The same increase in workload was not visited upon other lighter skinned coworkers by Audrey Young Lane.

23. In September 2007 plaintiff's position was changed from case manager to utilization management nurse. Thereafter, duties previously assigned to other persons were assigned to plaintiff.

24. On December 11, 2007, Audrey Young lane submitted a review of plaintiff that evaluated plaintiff as not meeting expectations which was an evaluation which positioned plaintiff for corrective action which could include discharge.

25. The December 11, 2007 review inaccurately accused plaintiff of a matter involving a patient of Dr Kingra. Further, Audrey Young lane falsely accused plaintiff regarding times that plaintiff came into work.

26. Plaintiff filed a rebuttal of this inaccurate evaluation.

27. Plaintiff as a result of the continuous increase in workload and intentional inaccurate evaluation of plaintiff's performance caused plaintiff to suffer extreme emotional upset and to require psychological and psychiatric intervention. The severity of the emotional distress suffered by plaintiff was also manifest by physical as well as mental symptoms.

28. Audrey Young lane's repeated false evaluation of plaintiff precipitated a repeated instance of plaintiff defending an internal proceeding that could result in discharge of the plaintiff from her employment. Said proceeding is pending.

29. Plaintiff has been on leave due to the emotional trauma inflicted by Audrey Young Lane's intentionally discriminatory conduct while under the care of mental health professionals.

30. The demotion of plaintiff, the increasing of plaintiff's work load and the negative job performance evaluations were without any basis in truth or fact and were used by the defendant's agent to justify defendant's discriminatory employment practices.

31. Plaintiff has no plain adequate or complete remedy at law to correct the practices described herein and this suit for injunctive relief is her only means

for securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's agent's practices as set forth herein.

Wherefore, Ruthie Nelson prays of this Honorable Court as follows:

a. Grant plaintiff a permanent injunction enjoining the defendant Advocate Health and Hospital Corporation and Advocate Bethany Hospital and its representatives and agents from engaging in any employment policy or practice which discriminates against the plaintiff on the basis of race.

b. Award plaintiff compensatory damages for the discrimination she has suffered.

c. Order the defendant to be taxed with the costs of this action including reasonable attorney fees and expert witness fees.

d. Retain jurisdiction of this cause to assure compliance with the orders of this Court.

J Chris Goodman

Pomper & Goodman

111 W Washington

8

Chicago Il 60602

312 236 2977

9

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2008-01440 |

Illinois Department Of Human Rights and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ruthie Nelson | | |

Street Address: 1215 Johnson Dr, Apt #2512, Buffalo Grove, IL 60089

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ADVOCATE BETHANY HOSPITAL | 201 - 500 | |

Street Address: 3435 W Van Buren St, Chicago, IL 60624

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☒ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-01-2007    Latest: 12-11-2007

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on November 13, 2006. My current position is Utilization Management Nurse. Starting February 2007 and continuing throughout my employment, I have been subjected to different terms and conditions of employment.

I believe I have been discriminated against based on my color, Light Complexion, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
JAN 2 2008
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jan 02, 2008    *Ruthie W Nelson*
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

08CV2905
JUDGE KENNELLY
MAGISTRATE JUDGE VALDEZ
TG

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ruthie Nelson<br>1225 Johnson Dr<br>Apt #2512<br>Buffalo Grove, IL 60089 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL: #7006 0600 0022 1012 6597

[ ] On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-01440 | **Karoline Szadkowska,**<br>**Investigator** | (312) 886-1681 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_John P. Rowe_       2/19/08

John P. Rowe,<br>District Director      (Date Mailed)

Enclosures(s)

cc:     ADVOCATE BETHANY HOSPITAL