## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **Ruthie Nelson,** | |
| Plaintiff, | No.  08 cv 2905 |
| v. | Judge Matthew Kennelly |
| **Advocate Bethany Hospital and Advocate Health & Hospitals Corporation,** | Magistrate Judge Maria Valdez |
| Defendants. | |

## DEFENDANTS ADVOCATE BETHANY HOSPITAL'S AND ADVOCATE HEALTH & HOSPITALS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

Now come the Defendants Advocate Bethany Hospital and Advocate Health & Hospitals Corporation (collectively "Defendants"), by and through their attorneys, and hereby respond to the Complaint of Plaintiff Ruthie Nelson ("Plaintiff") as follows:

### JURISDICTION AND VENUE

1.      Plaintiff invokes this Court's jurisdiction pursuant to 42 USC §2000e_5 and 28 USC § 1343(4).

**ANSWER:**    Defendants admit Plaintiff purports to bring and maintain this action under 28 U.S.C. 1343(4) as well as Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §2000e_5.  Defendants deny that they have committed any wrongdoing or incurred any liability thereunder.

2.      The unlawful employment practices alleged below were and are being committed within the Eastern Division of the Northern District of the State of Illinois.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 2.

## PARTIES

3.      Plaintiff Ruthie Nelson is a female citizen of the United States and a resident of Cook County Illinois.  At all times herein relevant she was employed by Advocate Bethany Hospital a facility operated by Advocate Health and hospital [sic] Corporation, an Illinois corporation.

**ANSWER:**    Upon information and belief, Defendants admit Plaintiff is a female, a citizen of the United States, and a resident of Cook County Illinois.  Defendants also admit that Plaintiff is employed at Advocate Bethany Hospital, a facility operated by Advocate Health and Hospitals Corporation.  Defendants further admit Advocate Health and Hospitals Corporation is an Illinois corporation.

4.      Advocate Bethany Hospital is a facility located in the City of Chicago and is in the business of providing medical and hospital care.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 4.

## ADMINISTRATIVE PROCEDURES

5.      Plaintiff Ruthie Nelson filed a charge of employment discrimination against Advocate Bethany Hospital with the District Office of the Equal Employment Opportunity Commission on January 2, 2008.  The plaintiff received a right to sue concerning the charges by letter from the district office of the EEOC dated February 19, 2008, entitling her to institute a civil action with respect to the January 2, 2008 charge within 90 days of the date of said notice.

**ANSWER:**    Upon information and belief, Defendants admit Plaintiff filed a charge with the EEOC on or about January 2, 2008.  Upon information and belief, Defendants further admit the EEOC issued a Dismissal and Notice of Rights, dated February 19, 2008, which entitled Plaintiff to pursue a civil action within 90 days of the date of the notice.  Defendants are without knowledge or information sufficient to form a belief as to exactly when Plaintiff received her notice of right to sue from the EEOC.

## VIOLATIONS ALLEGED

6.      Defendant is an employer engaged in an industry that effects commerce and employs more than 200 employees.

**ANSWER:** Defendants admit the allegations contained in Paragraph 6.

7. Defendant employs an agent Audrey Young Lane, in a capacity as plaintiff Ruthie Nelson's supervisor and has at all times relevant hereto been plaintiff's supervisor.

**ANSWER:** Defendants admit that they employ Audrey Young Lane and that she is Plaintiff's supervisor. Defendants deny the remaining allegations in Paragraph 7.

8. Plaintiff was employed at Advocate Bethany Hospital beginning November 13, 2006, as a Case Manager in the Continuity of Care Department of Bethany Hospital.

**ANSWER:** Defendants admit Plaintiff began her most recent phase of employment at Advocate Bethany Hospital in November 2006 as a Case Manager in the Continuity of Care Department of Bethany Hospital.

9. Plaintiff began her employment as a case manager and was to receive training via an orientation and other training in the method of performing her assigned position.

**ANSWER:** Defendants admit Plaintiff began her employment as a Case Manager and received training. Defendants deny the remaining allegations contained in Paragraph 9.

10. On January 12, 2007 plaintiff was requested by Sharon Deshazer, the Director of Continuity of Care Department in the presence of Audrey Young Lane to write a policy for the department.

**ANSWER:** Defendants admit that upon Plaintiff's request, she was allowed to draft a policy for the Continuity of Care Department. Defendants deny the remaining allegations contained in Paragraph 10.

11. On January 16, 2007, the plaintiff had completed the task of preparing the telephone consent policy for the department and submitted the same to Sharon Deshazer.

**ANSWER:** Defendants admit Plaintiff submitted the policy she drafted for the Continuity of Care Department to Sharon Deshazer once it was completed.

12. Sharon Deshazer complimented plaintiff on her performance in the development of the aforesaid policy.

**ANSWER:** Defendants admit that when Plaintiff completed her draft of the policy,

Sharon Deshazer thanked her for submitting the policy. Defendants deny the remaining allegations contained in Paragraph 12.

13.     Plaintiff continued to perform tasks within her job description.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 13.

14.     On January 24, 2007, Audrey Young Lane called plaintiff to her office and advised that plaintiff's reviews were fine but that plaintiff did not have to put so much detail in the reviews. Audrey Young Lane advised plaintiff that her job performance was fine.

**ANSWER:**   Defendants admit Audrey Young Lane told Plaintiff her patient reviews were too detailed. Defendants deny the remaining allegations contained in Paragraph 14.

15.     Plaintiff is a darker skinned African American and Audrey Young Lane is a lighter skinned African American.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 15.

16.     On February 12, 2007, Audrey Young Lane submitted a Summary of Review of plaintiff wherein Audrey Young Lane's 90 day evaluated plaintiff as meeting expectations but said review [sic]. The minimally sufficient performance review was based upon false criticism. More specifically, Audrey Young Lane advised plaintiff that she had called registration before indexing in active fax, which is incorrect, plaintiff had not so acted.

**ANSWER:**   Defendants admit that Plaintiff received an overall level of competence of "meets expectations" on her 90 day review. Defendants deny the remaining allegations contained in Paragraph 16.

17.     In addition to the foregoing Audrey Young Lane stated to plaintiff that plaintiff was not a team player but in fact it was plaintiff who communicated with Audrey Young Lane and coworkers and it was plaintiff who modified her work plan to accommodate a coworker whose position was inferior to that of plaintiff to fully engage the team goal.

**ANSWER:**   Defendants admit that on Plaintiff's 90 day review, Audrey Young Lane commented Plaintiff failed to foster trust and respect within the team. Defendants deny the remaining allegations contained in Paragraph 17.

18.     At no time during the 90 day period did Audrey Young Lane approach plaintiff and inform her that performance was remiss in the admission process. Further plaintiff was

criticized for not achieving a 2 hour turnaround time in preadmission but no such policy is written in the preadmission policy.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 18.

19.    Plaintiff pursued a rebuttal of her review, which is a method of seeking review of the evaluation.

**ANSWER:**    Defendants admit Plaintiff submitted a rebuttal of her Annual Associate

Review. Defendants deny the remaining allegations contained in Paragraph 19.

20.    The response of Audrey Young Lane to the rebuttal of plaintiff was to increase plaintiff's work load.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 20.

21.    Bethany Hospital encourages employees to join committees that fostered good will between the hospital and its customer patients and their families. Plaintiff joined a committee and received congratulatory commendation for her participation from the committee but was criticized by Audrey Young Lane for engaging in such activity after the rebuttal by plaintiff of her evaluation.

**ANSWER:**    Defendants admit that employees are encouraged to serve on committees.

Defendants deny the remaining allegations contained in Paragraph 21.

22.    In August 2007, plaintiff expressed to the team with whom she worked of the stress the frequently increasing work load assigned plaintiff caused her. The same increase in workload was not visited upon other lighter skinned coworkers by Audrey Young Lane.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 22.

23.    In September 2007 plaintiff's position was changed from case manager to utilization management nurse. Thereafter, duties previously assigned to other persons were assigned to plaintiff.

**ANSWER:**    Defendants admit that around September 2007, the job classification in

which Plaintiff worked was reclassified from Case Manager to Utilization Management Nurse.

Defendants deny the remaining allegations contained in Paragraph 23.

24.    On December 11, 2007, Audrey Young Lane submitted a review of plaintiff that evaluated plaintiff as not meeting expectations which was an evaluation which positioned plaintiff for corrective action which could include discharge.

**ANSWER:** Defendants admit that on December 11, 2007, Audrey Young Lane completed Plaintiff's Annual Associate Review, and Plaintiff's overall level of competence was "does not meet expectations." Defendants deny the remaining allegations contained in Paragraph 24.

25. The December 11, 2007 review inaccurately accused plaintiff of a matter involving a patient of Dr. Kingra. Further, Audrey Young Lane falsely accused plaintiff regarding times that plaintiff came into work.

**ANSWER:** Defendants deny the allegations contained in Paragraph 25.

26. Plaintiff filed a rebuttal of this inaccurate evaluation.

**ANSWER:** Defendants admit Plaintiff filed a rebuttal to the evaluation completed by Audrey Young Lane on December 11, 2007. Defendants deny the remaining allegations contained in Paragraph 26.

27. Plaintiff as a result of the continuous increase in workload and intentional inaccurate evaluation of plaintiff's performance caused plaintiff to suffer extreme emotional upset and to require psychological and psychiatric intervention. The severity of the emotional distress suffered by plaintiff was also manifest by physical as well as mental symptoms.

**ANSWER:** Defendants deny the allegations contained in Paragraph 27.

28. Audrey Young Lane's repeated false evaluation of plaintiff precipitated a repeated instance of plaintiff defending an internal proceeding that could result in discharge of the plaintiff from her employment. Said proceeding is pending.

**ANSWER:** Defendants deny the allegations contained in Paragraph 28.

29. Plaintiff has been on leave due to the emotional trauma inflicted by Audrey Young Lane's intentionally discriminatory conduct while under the care of mental health professionals.

**ANSWER:** Defendants admit that a few weeks after Plaintiff received her Annual Associate Review, she applied for and was granted a leave of absence. Defendants deny the remaining allegations contained in Paragraph 29.

30.    The demotion of plaintiff, the increasing of plaintiff's work load and the negative job performance evaluations were without any basis in truth or fact and were used by the defendant's agent to justify defendant's discriminatory employment practices.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 30.

31.    Plaintiff has no plain adequate or complete remedy at law to correct the practices described herein and this suit for injunctive relief is her only means for securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury form the defendant's agent's practices as set forth herein.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 31.

Wherefore, Ruthie Nelson prays of this Honorable Court as follows:

a.    Grant plaintiff a permanent injunction enjoining the defendant Advocate Health and Hospital [sic] Corporation and Advocate Bethany Hospital and its representatives and agents from engaging in any employment policy or practice which discriminates against the plaintiff on the basis of race.

b.    Award plaintiff compensatory damages for the discrimination she has suffered.

c.    Order the defendant to be taxed with the costs of this action including reasonable attorney fees and expert witness fees.

d.    Retain jurisdiction of this cause to assure compliance with the orders of this Court.

**ANSWER**:    Defendants deny the propriety of each and every request in the Plaintiff's prayer for relief and each and every allegation therein.

WHEREFORE Defendants request that the Court dismiss Plaintiff's claims and deny any and all requests for relief of damages stated in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to exhaust her administrative remedies, her claims for relief are barred.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, her claims for relief are barred.

### THIRD AFFIRMATIVE DEFENSE

In so far as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations period for filing of an administrative charge of discrimination; and (b) for alleged incidents of discrimination not listed in any charge, Plaintiff may not recover any relief for such incidents of alleged discrimination.

### FOURTH AFFIRMATIVE DEFENSE

Defendants did not engage in any discriminatory or retaliatory conduct toward Plaintiff, and Defendants acted in good faith and without any intent to discriminate or retaliate. Defendants' treatment of Plaintiff was based on legitimate, non-discriminatory factors.

### FIFTH AFFIRMATIVE DEFENSE

The employment decisions and actions of which Plaintiff complains would have been the same regardless of Plaintiff's color and/or race.

### SIXTH AFFIRMATIVE DEFENSE

Defendants state that to the extent Plaintiff fails to state a claim upon which relief may be granted, her claims should be dismissed in their entirety, with prejudice.

### SEVENTH AFFIRMATIVE DEFENSE

Even if she could state a claim, to the extent that Plaintiff cannot prove actual damages, she can recover only nominal damages.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, her claim fails because Defendants did not act with malice or reckless indifference to Plaintiff's federally protected rights.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory and punitive damages are limited by the damages cap imposed by the Civil Rights Act of 1991.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be barred to the extent that the doctrine of laches and/or estoppel applies.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages, which Defendants deny, Plaintiff's prayer for relief must fail if she failed to mitigate her damages as required by law. Alternatively, if Plaintiff did mitigate her alleged damages, Defendants are entitled to an offset against any damages allegedly due Plaintiff

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence and as such, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because (a) Defendants maintained, disseminated and enforced a clear policy against harassment, discrimination and retaliation, establishing reasonable and effective means of reporting and seeking relief from conduct

believed to be harassing, discriminatory or retaliatory, and (b) Defendants acted in accordance with this policy at all times.

Defendants reserve the right to amend their Answer to raise any additional defenses that may become available during the discovery process.

Defendants reserve the right to assert additional affirmative defenses as established by the facts of the case.

To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

ADVOCATE BETHANY HOSPITAL AND
ADVOCATE HEALTH AND HOSPITALS
CORP.


By:  s/Grady B. Murdock, Jr.
One of Its Attorneys

Grady B. Murdock, Jr. (#1992236)
Raven A. Winters (#6291077)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: June 30, 2008

### CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2008, a copy of ***Defendants Advocate Bethany Hospital's and Advocate Health & Hospitals Corporation's Answer and Affirmative Defenses*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic system.

John Chris Goodman cgood100@yahoo.com
POMPER AND GOODMAN
111 W. Washington St. #1000
Chicago, IL 60602

s/ Grady B. Murdock, Jr.
Grady B. Murdock, Jr.